

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT -5 PM 4:00

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM ATZENHOFFER and his wife, LINDA PATTERSON ATZENHOFFER | * CIVIL ACTION NO. 00-0150 |
| | * SECTION 'B'(4) |
| VERSUS | * JUDGE LEMELLE |
| THE VESSEL, M/V BALMORAL SEA, her engines, tackle, furnishings and appurtenances, CAL DIVE INTERNATIONAL, INC., and XYZ OPERATING COMPANY | * MAGISTRATE ROBY |
| | * JURY TRIAL REQUESTED |

* * * * * * * *

### PRE-TRIAL ORDER

**1.**

A pre-trial conference was held before the Honorable Ivan L.R. Lemelle, Judge of the United States District Court, Eastern District of Louisiana, Section "B", on October 5, 2000, at 3:00 P.M.

**2.**

### Appearance of Counsel

MICHAEL H. ELLIS
Bar Roll No. 5334
CHEHARDY, SHERMAN, ELLIS,
  BRESLIN & MURRAY
One Galleria Boulevard
Suite 1100
Metairie, Louisiana 70001
(504)833-5600

For the Plaintiffs:
WILLIAM ATZENHOFFER and
LINDA ATZENHOFFER

DATE OF ENTRY
OCT 0 6 2000



ROBERT K. LANSDEN
Bar Roll No. 25441
145 W. Pine Street, Suite 3
Pontchatoula, Louisiana 70454
(504) 370-9006

T. PATRICK BAYNHAM (16805)                   For the Defendant:
ANTHONY REGINELLI, JR. (17767)               Cal-Dive International, Inc.
BAYNHAM, BEST & REGINELLI, LLC
One Galleria Boulevard, Suite 1510
Metairie, Louisiana, 70001
(504) 837-3878

3.

Parties

(a)   By Plaintiffs:

Plaintiff, WILLIAM ATZENHOFFER has brought this action under 33 U.S.C.A. Sec. 905(b) of the Longshore & Harbor Workers' Compensation Act. Plaintiff's wife, LINDA ATZENHOFFER seeks damages for loss of consortium.

(b)   By Defendant:

Defendant, Cal Dive International, Inc., is the owner of the M/V BALMORAL SEA, the vessel upon which the plaintiff, William Atzenhoffer, was working when he allegedly slipped and fell, giving rise to the injuries in suit.

4,

Jurisdiction

The jurisdiction of this Honorable Court is not contested. Jurisdiction is pursuant to the Longshore & Harbor Workers' Compensation Act, specifically, 33 U.S.C.A. §905(b).

2

5.

## Motions Pending

Defendant, Cal Dive International, Inc., has a Motion for summary Judgment pending. Defendant Cal Dive anticipates filing a Motion in Limine to Exclude Expert Testimony, seeking exclusion of expert reports recently submitted by plaintiff to defendant. The reports were submitted well beyond all applicable deadlines.

Plaintiffs may file Motions in Limine to Exclude Testimony of Billy Randall, and all witnesses who purport to have been assigned to the Balmoral Sea. In previous discovery these witnesses were not identified, and in addition, as of this date, defendant has not provided a formal crew list identifying the men assigned to the vessel at the time of the accident.

6.

## Summary of Material Facts

(a)    **By Plaintiff:**

On January 14, 1997, Plaintiff, WILLIAM ATZENHOFFER and his helper, Daniel Bouchoux (both employees of Bailey Refrigeration) went aboard the Balmoral Sea to continue their repair work on the refrigeration system of the vessel. Both men had been assigned to the vessel by Bailey for past several days. The vessel was docked at the Galvez Street wharf in New Orleans, Louisiana, undergoing major repair work in the engine room. Each morning, Messrs. Atzenhoffer and Bouchoux reported to the Chief Engineer on the progress of their work and continued requirements of the maintenance for the refrigeration system. The worksite was down in the engine room, and will be is identified on the General Arrangement Plan of the Balmoral Sea. On the day of the accident the engine room had a large amount of personnel

engaged in repair work throughout the space. The entire engine room space and lower ladder wells had greasy substances on the stairs and handrails. Daniel Bouchoux will testify that the center ladder well was so full of grease, oil and debris, that it was not possible to use it on the day of the accident. In fact, plaintiff had slipped in that area the day before. Instead, on both ingress and egress, both men had to use the aft ladder well to reach their worksite. It was after completing their work for the day that both men exited this after ladder well when Mr. Atzenhoffer stepped out of the space through the hatch opening and stepped into a greasy substance, falling to the steel deck and injuring both his knee and lower back. Daniel Bouchoux saw Plaintiff immediately following the fall and asked him what had happened. Plaintiff reported the incident to his employer.

Plaintiff will present testimony and documentation concerning his medical treatment by way of doctors' reports and the testimony of Dr. Wilmot Ploger, an orthopaedic surgeon. The medical records will evidence that Plaintiff has a ruptured disc at L2-3. Dr. Ploger has testified that the ruptured disc is attributable to the accident in question. This condition is permanent. Since the accident, Plaintiff has had repeated appointments with the doctor and periods of pain and discomfort and multiple spasms. Despite the fact that Plaintiff continues to work, he has worked with pain out of a concern for losing his job and the economic losses that would follow. He is the sole provider for the financial needs of his family. Fortunately, Plaintiff has a sympathetic employer who has testified that the company provides help in those instances when Plaintiff is required to lift heavy objects. Both Plaintiff and his wife will describe the pain and suffering, since the injury.

Plaintiff has undergone a functional capacity evaluation which indicates hat he is

unable to meet his previous job demands of heavy level work activity, and should only perform light to medium work activity.

(b)    By Defendant:

On January 14, 1997, the M/V BALMORAL SEA, a vessel recently purchased by defendant, Cal Dive International, Inc., was docked at the Galvez Street Wharf in New Orleans undergoing repairs. One item to be repaired was the air conditioning system. Cal Dive contacted Bailey Refrigeration to make the repairs. Bailey sent their employee, William Atzenhoffer, to perform the repairs. Three years later (almost to the day), he filed suit against Cal Dive, claiming that he had slipped and fallen in a puddle on the deck of the vessel. He has admitted in deposition testimony that he did not report the accident to Cal Dive or anyone on the vessel. He states that he has no idea what the puddle consisted of or where it came from.

Following the accident, Mr. Atzenhoffer was treated for a back injury by Dr. Wilmot Ploger. Mr. Atzenhoffer has continued to work in his job at Bailey Refrigeration. Dr. Ploger has never recommended surgery. Mr. Atzenhoffer has returned to Dr. Ploger for examination from time to time in the 3½ years since the accident. During one visit, he stated that he had back pain when lifting 100-150 pounds as part of his work.

In short, Mr. Atzenhoffer, we believe, will not be able to carry his burden of proof that an accident occurred and that, under prevailing law, Cal Dive International, Inc. has any liability given Mr. Atzenhoffer's status as a ship repairer. However, even if Mr. Atzenhoffer is able to prove his case, there is no evidence of past or future wage losses, or past or future medicals (since his physician has never recommended surgery). The only item of damage available to Mr. Atzenhoffer is general damages for an unoperated back.

Defendant Cal Dive notes that plaintiff sent defendant new expert reports received just days before the pre-trial conference. Plaintiff states that these reports support a claim for wage losses and future medicals. These expert reports were received long after the Court's deadlines had expired and just a few weeks before trial. Defendant Cal Dive therefore objects to these reports and the expert witnesses who issued them.

7.

### Uncontested Material Facts:

(a) Cal Dive International, Inc. was the owner of the M/V BALMORAL SEA at the time of the accident in suit;

(b) William Atzenhoffer was employed by Bailey Refrigeration at the time of the accident in suit; and

(c) Bailey Refrigeration was hired by Cal Dive International, Inc. to perform repair to its refrigeration system aboard the M/V BALMORAL SEA.

(d) That the Balmoral Sea was docked at the Galvez Street Wharf undergoing repairs, on January 14, 1997.

8.

### Contested Issues of Fact:

(a) Whether the plaintiff, William Atzenhoffer, sustained injuries as alleged in the original Complaint;

(b) Whether the plaintiff, William Atzenhoffer, slipped and fell as alleged in the original Complaint;

(c) The extent of injuries allegedly sustained by William Atzenhoffer;

(d) Whether Mr. Atzenhoffer is entitled to any damages for past and future wage loss;

(e) Whether Cal Dive International, Inc. is in any way responsible for the injuries in suit; and

(f) Whether Cal Dive International, Inc. knew or should have known of any negligent acts that could have caused the injury in suit.

9.

Contested Issues of Law

(a) Whether the plaintiff, William Atzenhoffer is capable of meeting his burden of proving that Cal Dive International, Inc. is negligent under 33 U.S.C.A. § 905(b);

(b) Whether Cal Dive International, Inc. is negligent pursuant to 33 U.S.C.A. § 905(b); and

(c) Whether Mr. Atzenhoffer has mitigated his injuries as required by law.

10.

Exhibits:

(a) Plaintiffs' Exhibits:

1) Dr. Ploger's medical records

2) MRI performed at E. Jefferson General Hospital on 8/1/97

3) Tax and earnings records of the Plaintiff

4) General Arrangement Plan of the Balmoral Sea

5) Certificate of Inspection of the Balmoral Sea

      6)     Vessel Logs of the Balmoral Sea

      7)     Cal Dive Diving & Safety Operations Manual

      8)     BEST System Safety Procedures for the Balmoral Sea

      9)     Any exhibit listed or introduced by the Defendant

      10)    Functional Capacity Evaluation of 9/20/00 & 9/21/00

      11)    Any exhibit produced by defendant which at present are outstanding and have been requested in discovery.

(b)    <u>Defendants' Exhibits:</u>

      1)     Vessel logs of the BALMORAL SEA;

      2)     Schematic of the BALMORAL SEA;

      3)     Records of Bailey Refrigeration;

      4)     Certificate of Inspection of the BALMORAL SEA;

      5)     Accident Report of Bailey Refrigeration;

      6)     Records of Dr. Wilmot Ploger; and

      7)     Personnel file of William Atzenhoffer from Bailey Refrigeration.

      8)     Records of Bailey Refrigeration regarding employment status of plaintiff.

11.

<u>Deposition Testimony:</u>

Plaintiffs may use the deposition of Dr. Ploger if he is unavailable for trial.

Defendant, Cal Dive International, Inc., does not anticipate utilizing any deposition testimony at trial.

**12.**

**Charts, Graphs, and Models to be Used in Opening/Closing:**

(a) Plaintiffs may use the blackboard and demonstrative evidence and diagrams depicting the accident scene, including the court's new electronic evidence presentation system.

(b) Defendant, Cal Dive International, Inc., may utilize schematics of the M/V BALMORAL SEA at trial. These schematics have been produced to plaintiff's counsel.

(c) The parties stipulate that there is no objection to use of the listed objects and if other objects are to be used by any party, they will be submitted to opposing counsel at least three days prior to trial, and if there is then opposition to their use, the dispute will be submitted to the Court at least one day prior to trial.

**13.**

**Witnesses:**

(a) Plaintiffs will call:

    (1) William and Linda Atzenhoffer
        2404 Danny Park
        Metairie, La. 70001

        Will testify of the facts and circumstances of the accident; plaintiff's injuries, pain and suffering, physical limitations, change of lifestyle, loss of consortium, etc.

(b) Plaintiffs may call:

    (2) Daniel Bouchoux
        1129 Bayou Road, Lot 8
        St. Bernard, La. 70085

        Will testify of the facts and circumstances of the accident; and the physical condition of the ship, the work in progress, etc.

(3)    Donald Booth
2228 Judy Drive
Meraux, La. 70074

        Will testify regarding plaintiff's job with Bailey refrigeration; his job duties; limitations, etc.

(4)    Jack Reedy
110 Evergreen Street
Labadieville, La.

        Will testify regarding the Balmoral Sea, and Cal Dive's operation of the ship.

(5)    Wilmot E. Ploger, M.D.
3322 Canal Street
New Orleans, La. 70119

        Will testify regarding plaintiff's injury and physical condition, limitations, etc.

(6)    Martin Ferron

        Will testify regarding the Balmoral Sea and Cal-Dive's operation.

(7)    Mark Bridger

        Will testify regarding the Balmoral Sea and Cal-Dive's operation.

(8)    Port Engineer for the Balmoral Sea

        Will testify regarding the duties and responsibilities in overseeing maintenance and repair of the Balmoral Sea.

(9)    Segunda personnel representatives

        Will testify regarding the crewing responsibilities of the Balmoral Sea and crew assigned at the time of the accident.

(10)   G. Randolph Rice, Ph.D.

      Department of Economics
      Louisiana State University
      7048 Moniteau Court
      Baton Rouge, Louisiana, 70809

      Will testify regarding the future wage loss of the plaintiff.

  (11) Billy Naquin, P.T.
      5008 W. Esplanade Avenue
      Metairie, La., 70006

      Will testify as to the functional capacity of the plaintiff.

  (12) Charlie Pryor
      1041 Robert Street
      New Orleans, Louisiana, 70115

      Will testify as to the role of a port engineer and chief engineer in mayor repairs evolutions

  (13) Any witness listed or called by the Defendant.

(c) Defendants will call:

  (1) William Atzenhoffer - plaintiff on cross-examination

  (2) Jack Reedy
      Cal Dive International, Inc.
      1550 Youngs Road
      Morgan City, Louisiana 70380

  Will testify as to the condition of the M/V BALMORAL SEA at the time of the alleged incident in suit.

(d) Defendant may call:

1. Billy Randell
  Cal Dive International, Inc.
  1550 Youngs Road
  Morgan City, Louisiana 70380

  Will testify as to the condition of the M/V BALMORAL SEA at the time of the alleged incident in suit.

2.  Danny Bouchoux
    1129 Bayou Road, Lot 08
    St. Bernard, Louisiana 70085

    Will testify regarding the accident and injuries of plaintiff.

3.  Donald Booth
    2228 Judy Drive
    Meraux, Louisiana

    Will testify regarding the accident and injuries of plaintiff.

4.  G. Wright
    (address unknown)

    The captain of the vessel who will testify as to his knowledge of the facts and circumstances surrounding the accident.

5.  D. Hynes
    (address unknown)

    A captain of the vessel who will testify as to his knowledge of the facts and circumstances surrounding the accident.

6.  R. Pinsent
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

7.  T. Mason
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

8.  I. Revie
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

9.  B. Wentzell
    (address unknown)

  Will testify as to his knowledge of the facts and circumstances surrounding the accident.

10. F. Chisholm
  (address unknown)

  Will testify as to his knowledge of the facts and circumstances surrounding the accident.

11. S. Silver
  (address unknown)

  Will testify as to his knowledge of the facts and circumstances surrounding the accident.

12. H. Broughm
  (address unknown)

  Will testify as to his knowledge of the facts and circumstances surrounding the accident.

13. D. MacDonald
  (address unknown)

  Will testify as to his knowledge of the facts and circumstances surrounding the accident.

14. G. Hodder
  (address unknown)

  Will testify as to his knowledge of the facts and circumstances surrounding the accident.

15. T. Keen
  (address unknown)

  Will testify as to his knowledge of the facts and circumstances surrounding the accident.

16. C. Croucher
  (address unknown)

  Will testify as to his knowledge of the facts and circumstances

surrounding the accident.

17. E. Caschay
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

18. E. Peratta
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

19. M. Pitoy
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

20. M. Bowie
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

21. D. Medcalf
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

22. R. Swanson
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

23. R. Klien
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

24. E. Moncal
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

25. R. Timbot
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

26. P. Portes Sn
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

27. E. Peralta
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

28. E. Villerino
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

29. A. Warize
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

30. B. Boudrean
    (address unknown)

    Will testify as to his knowledge of the facts and circumstances surrounding the accident.

31. B. Aspoge

      (address unknown)

      Will testify as to his knowledge of the facts and circumstances surrounding the accident.

32.    I. Fougera
      (address unknown)

      Will testify as to his knowledge of the facts and circumstances surrounding the accident.

33.    A representative of Bailey Refrigeration.

      Will testify as to plaintiff's employment subsequent to and following the accident in question.

34.    Records Custodian of Bailey Refrigeration

      May testify regarding the employment status of plaintiff.

(d)    The witness lists were filed in accordance with Court orders. No other witness shall be allowed unless agreeable to all parties and their addition does not affect the trial date. Counsel herein certify that expert reports have been exchanged in accordance with prior Court orders.

## 14.

### Jury Trial

(a)    A jury trial is applicable to all aspects of the case. A complete set of jury instructions and a complete set of jury interrogatories must be submitted on paper and on disk in Work Perfect format. The instructions, interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific

leave to the contrary is granted by the Court.

15.

### Liability/Damages:

The issue of liability (will or will not) be tried separately from that of quantum.

16.

### Other Matters:

There are no other matters which will expedite disposition of the case.

17.

### Days Estimated:

The trial shall commence on October 23, 2000, at 8:30 A.M. Trial is estimated to last three days.

18.

### Confection of Pre-Trial Order

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19.

### Possibility of Settlement:

The possibility of settlement of this case was considered.

Respectfully submitted,

*[signature]*

MICHAEL H. ELLIS
Bar Roll No. 5334

CHEHARDY, SHERMAN, ELLIS, BRESLIN & MURRAY
One Galleria Boulevard
Suite 1100
Metairie, Louisiana 70001
(504)833-5600

*[signature]*

ROBERT K. LANSDEN
Bar Roll No. 25441
145 W. Pine Street, Suite 3
Pontchatoula, Louisiana 70454
(504) 370-9006
Attorneys for WILLIAM ATZENHOFFER
and LINDA PATTERSON ATZENHOFFER

*[signature]*

T. PATRICK BAYNHAM
BAYNHAM, BEST & REGINELLI
One Galleria Boulevard, Suite 1510
Metairie, Louisiana, 70001
(504) 837-3878

Attorneys for M/V BALMORAL SEA and
CAL DIVE INTERNATIONAL, INC.

*[signature]*
JUDGE
10/5/00