FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT 10  AM 8: 36

LORETTA G. WHYTE
         CLERK

MINUTE ENTRY
LEMELLE, J.
October 5, 2000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM ATZENHOFFER | CIVIL ACTION |
| VERSUS | NO. 00-0150 |
| THE VESSEL, M/V BALMORAL SEA, her engines, tackle, furnishings and appurtenances, ET AL. | SEC. "B"(4) |

### TRIAL PREPARATION ORDER

On this date, the Court held the final pre-trial conference in this matter with the following counsel in attendance: Michael H. Ellis and Robert K. Lansden for the plaintiffs and T. Patrick Baynham for the defendants.  The following items were discussed, determined and **ORDERED**:

(1) The testimony of Billy Naquin, P.T. (the plaintiffs' functional capacity expert) and Chris Boler shall be allowed at trial on the condition that the witnesses have been made available for deposition upon the reasonable request of the opposing party. The Court is NOT inclined to grant the addition of any other expert witness, with the exception of a functional capacity expert for the

DATE OF ENTRY
OCT 10 2000

Fee

defendant in order to rebut the testimony of the plaintiffs' functional capacity expert.

(2) Any motion in limine shall be filed no later than October 16, 2000. Any opposition thereto shall be filed no later than October 17, 2000. Counsel shall submit an original and one copy of each to Chambers.

(3) On or before October 16, 2000, counsel for all parties are to prepare and submit to the Court two (2) copies of a Joint Bench Book which shall contain:

    (a) An index of all exhibits listing and numbering all exhibits sequentially and noting specific objections thereto. All "un-objected to" exhibits are to be listed first followed by the "objected to" exhibits. In a separate document to be submitted to the Court at the same time, the offering party must briefly respond to each objection in 2-3 sentences.

    (b) All exhibits are to be included in the Joint Bench Book and tabbed. Each individual exhibit exceeding 5 pages in length shall be individually paginated.

    (c) Each exhibit book shall be labeled with the name and telephone number of attorneys as well as the case and volume number on the outside.

    (d) All Joint Bench Books shall be picked up by counsel no later than the first Friday after the completion of the trial, unless this matter is taken under advisement.

(4) Any discovery that will be used as an exhibit must be specifically identified; for example, the exact Interrogatory and corresponding Answer. Likewise, other documents such as regulations or portions of files must be specifically identified.

(5) All pre-trial memoranda shall be submitted in writing no later than October 16, 2000. All contested issues of law shall be briefed. Counsel shall submit an original and one copy of each to Chambers.

(6) (a) On or before October 16, 2000, counsel for all parties are to prepare and submit joint proposed special jury charges, special voir dire questions, and jury interrogatories. If a party objects to a proposed charge or interrogatory, that party shall note the objection in a footnote to the proposed charge or interrogatory and cite to any legal authority in support of the objection.

(b) Counsel shall submit an original and one copy of the proposed charges and interrogatories to Chambers. In addition, the pretrial memorandum as well as the proposed voir dire, charges and interrogatories shall be submitted on 3½ inch floppy disk which shall be returned to counsel after trial upon request.

(7) If any video depositions are to be used at trial, the offering party must submit a copy of the transcript to this Court by October 18, 2000. Additionally, any video deposition must be edited so as to delete all objections and colloquy of counsel, and there shall be no "dead" video or audio spots in the video deposition. If the

parties cannot amicably resolve all of the objections, the offering party must submit a transcript of the deposition to this Court by October 18, 2000 with the disputed objections highlighted and the Court will promptly rule thereon so that the video deposition can be edited as described prior to trial. A copy of the "clean" video deposition shall be submitted prior to trial.

(8) Any transcribed deposition testimony to be used at trial shall be submitted no later than October 18, 2000. All objections and colloquy shall be deleted and all offered testimony highlighted. In the absence of agreement on objections, counsel shall submit a copy of the deposition with a brief statement specifying the objection and reason therefore no later than October 18, 2000 and the Court will promptly rule so that a copy of the "clean" deposition can be submitted prior to trial.

(9) Any objections as to the admissibility of a document or the ability of a witness to testify based upon noncompliance with any deadline shall be raised by written motion filed no later than October 16, 2000 with oppositions thereto due October 17, 2000. Counsel shall submit an original and one copy of each to Chambers. Any objection to the admissibility of any exhibit which is not raised in the pretrial order or briefed by this deadline shall be deemed waived.

(10) Jury trial shall commence on October 23, 2000, at 8:30 a.m.

(11) The parties shall continue to pursue amicable resolution of this matter.

                                                                 IVAN L.R. LEMELLE
                                        UNITED STATES DISTRICT JUDGE